Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
MICHAEL HAKIMI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAKIMI, on behalf of himself, all others similarly situated,<br><br>     *Plaintiff*,<br><br>vs.<br><br>APPLE INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>     *Defendants*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1. Strict Products Liability;<br>2. Negligence – Products Liability;<br>3. Violation of Consumer Legal Remedies Act;<br>4. Unfair Competition;<br>5. Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act;<br>6. Breach of Express Warranty;<br>7. Breach of Implied Warranty of Merchantability;<br>8. Breach of the Implied Warranty of Fitness For a Particular Purpose;<br>9. Violation of California's False Advertising Laws;<br>10. Fraud;<br>11. Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

1     COMES NOW, Plaintiff MICHAEL HAKIMI ("Plaintiff"), on behalf of himself and all

2   others similarly situated, complains and alleges against Defendant APPLE INC., a California

3   corporation ("Apple"); and DOES 1 through 50, inclusive (collectively referred to as

4   "Defendants"), as follows:

5                **INTRODUCTION**

6     1.     Plaintiff brings this action individually and on behalf of all similarly situated persons

7   who purchased an iPhone 6, 6S, SE and 7 models ("Covered iPhones").

8     2.     Apple has now conceded that it pushed out software updates to consumers' Covered

9   iPhones that limit the speed and performance of these devices thereby causing significant slow

10  performance, dropped calls, and excessive battery drain (the "Defect"). But this was never

11  disclosed to its consumers.

12     3.     As a result of Apple's conduct, millions of consumers may believe that the Covered

13  iPhones have become obsolete and deceived into upgrading to the newest iPhone models – the

14  iPhone 8 and/or iPhone X.

15                **PARTIES**

16     4.     Plaintiff MICHAEL HAKIMI is, and at all relevant times mentioned herein, an

17  individual residing in the State of California.

18     5.     Defendant APPLE INC. is, and at all relevant times mentioned herein, a corporation

19  organized under the laws of California and doing business in this state.

20     6.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

21  DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

22  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

23  when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the

24  fictitiously named defendants are responsible in some manner for the occurrences, acts and

25  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

26  defendants, and each of them.

27     7.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

28  mentioned herein, some or all of the defendants were the representatives, agents, employees,

1  partners, directors, associates, joint venturers, principals or co-participants of some or all of the
2  other defendants, and in doing the things alleged herein, were acting within the course and scope of
3  such relationship and with the full knowledge, consent and ratification by such other defendants.

4  ## JURISDICTION AND VENUE

5        8.     This Court has jurisdiction over this class action under the Class Action Fairness
6  Act, 28 U.S.C. section 1332(d).  The aggregated claims of the individual Class Members exceed the
7  sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which
8  Plaintiff and members of the class, on the one hand, and Apple, on the other, are citizens of
9  different states.

10       9.     This Court has jurisdiction over Apple because Apple maintains its principal
11 headquarters in California, is registered to conduct business in California, and has sufficient
12 minimum contacts in California.  Apple intentionally avails itself of the California consumer market
13 through the promotion, sale, marketing, and distribution of its products to California residents.  As a
14 result, jurisdiction in this court is proper and necessary.  Moreover, Apple's wrongful conduct, as
15 described herein, emanates from California and foreseeably affects consumers in California and
16 nationwide.  Most, if not all, of the events complained of below occurred in or emanated from
17 Apple's corporate headquarters located in Cupertino, California.  Plaintiff's counsel's Declaration,
18 as required under California Code of Civil Procedure section 1780(d), is attached as Exhibit 1.

19      10.    Venue is proper in this District under 28 U.S.C. section 1391(a)-(c) because, inter
20 alia, substantial parts of the events or omissions giving rise to the claim occurred in the District
21 and/or a substantial part of property that is the subject of the action is situated in the District.

22 ## CLASS ALLEGATIONS

23      11.    This action has been brought and may be maintained as a class action pursuant to
24 Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among
25 the persons who comprise the readily ascertainable classes defined below and because Plaintiff is
26 unaware of any difficulties likely to be encountered in managing this case as a class action.

27      12.    **Relevant Time Period**:  The relevant time period is defined as the time period
28 beginning four years prior to the filing of this action until judgment is entered.

**National iPhone Class**:  All persons and entities in the United States (including its Territories and the District of Columbia) who currently or formerly owned an iPhone 6, 6S, SE and 7 during the **Relevant Time Period**.

> **California iPhone Sub-Class:**  All **National iPhone Class** members who currently or formerly resided in California.

13.     Excluded from the class are: (1) Apple, its subsidiaries, and its legal representatives, officers, directors, assigns and successors; and (2) all state and/or federal court judges who may preside over this case, their staff, and their immediate family members.

14.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

15.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

16.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

> A.     Whether Defendants are liable under strict products liability for damages to Plaintiff and the Class Members;
>
> B.     Whether Defendants are liable for negligence for products liability and damages to Plaintiff and Class Members;
>
> C.     Whether Defendants reasonably should have notified consumers before it implemented any kind of software update that limited the speed and/or performance of consumers' iPhones;
>
> D.     Whether Defendants had a duty to disclose the nature of any defect to Plaintiff and the Class Members;
>
> E.     Whether Defendants failed to disclose or concealed material information concerning any defects;

F.    Whether Defendants' conduct and business practices violate the Consumer Legal Remedies Act ("CLRA") Civil Code section 1750 *et seq.*;

G.    Whether Defendants' conduct and business practices violate the Unfair Competition Law ("UCL") Business and Professions Code section 17200 *et seq.*;

H.    Whether Defendants breached any express or implied warranties;

I.    Whether Defendants violated California false advertising laws;

J.    Whether Defendants engaged in fraud;

K.    Whether Defendants are liable for unjust enrichment to Plaintiff and the Class Members;

L.    Whether Plaintiff and the Class Members are entitled to relief, and the amount and nature of such relief, including relief in the form of an injunction and/or restitution.

17.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff and all members of the Class have been damaged by the same wrongful conduct by Defendants.  Like the other Class Members, Plaintiff purchased a defective iPhone.

18.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in complex class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary

4

1   duplication of effort and expense that numerous individual actions would entail.  In addition, the

2   monetary amounts due to many individual class members are likely to be relatively small and would

3   thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

4   Moreover, a class action will serve an important public interest by permitting class members to

5   effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

6   potential for inconsistent or contradictory judgments inherent in individual litigation.

7                          **GENERAL ALLEGATIONS**

8           21.     Plaintiff owns an iPhone and encountered many of the issues encountered by other

9   iPhone owners such as significantly slow performance, dropped calls and excessive battery drain

10  when using his device.

11          22.     Apple designs, manufactures, distributes, and sells the iPhones.  On information and

12  belief, Apple has sold, directly or indirectly through other retailers, millions of iPhones in

13  California, the United States and throughout the world.

14          23.     The Covered iPhones are defective, including but not limited to the Defect in the

15  design and manufacture of the device causing it to shut down unexpectedly.

16          24.     Apple responded with an official statement as follows:

17          Our goal is to deliver the best experience for customers, which includes overall performance and
            prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current
18          demands when in cold conditions, have a low battery charge or as they age over time, which can result in
            the device unexpectedly shutting down to protect its electronic components.
19
            Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous
20          peaks only when needed to prevent the device from unexpectedly shutting down during these conditions.
            We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in
21          the future.

22                          **FIRST CAUSE OF ACTION**

23                          **STRICT PRODUCTS LIABILITY**

24          25.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

25  fully alleged herein.

26          26.     At all times mentioned herein, Defendants designed, manufactured, assembled,

27  analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to

28  distributors and retailers for sale, smartphones known as "iPhones" and/or its component parts.

1    27.    Defendants manufactured, designed, promoted and/or sold the Covered iPhones and

2 their component parts to the public, knowing that the Covered iPhones would be purchased or used

3 without inspection for defects by the general public, including Plaintiff and the Class Members.

4    28.    The Covered iPhones were defective and did not function according to its intended

5 use by reason of defects in its manufacture, design, testing, components and constituents, so that it

6 would not properly serve its purpose, but would instead slow down significantly, drop calls, and

7 cause excessive battery drain because of the failure of Defendants to properly design and

8 manufacture the Covered iPhones.

9    29.    Defendants designed and manufactured the Covered iPhones defectively, causing it

10 to fail to perform as an ordinary consumer would expect when used in an intended or reasonably

11 foreseeable manner.

12    30.    Defendants knew or should have known of the defects that would arise in the

13 reasonably foreseeable use of the Covered iPhones, whose defective design, manufacturing, and

14 lack of sufficient warnings caused them to have an unreasonably propensity to suffer from

15 component failure, thereby causing significantly slow performance, dropped calls, and excessive

16 battery drain.

17    31.    Defendants failed to adequately warn of the defects known or knowable at the time

18 of the defective Covered iPhones design, manufacture, and distribution.

19    32.    Defendants failed to provide adequate warnings, instructions, guidelines or

20 admonitions to members of the consuming public, including Plaintiff and the Class Members, of the

21 design and manufacturing defects, which Defendants knew, or in the exercise of reasonable care

22 should have known, to have existed in the Covered iPhones, and its component parts.

23    33.    Plaintiff and the Class Members were not aware of the aforementioned defects at any

24 time regarding the Covered iPhones prior to purchasing and/or upgrading to the newer iPhone 8

25 and/or iPhone X.

26    34.    As a direct and proximate result of the aforementioned defects in the Covered

27 iPhones, Plaintiff and the Class Members sustained injures and damages in an amount according to

28 proof at trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE – PRODUCTS LIABILITY**

35.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

36.     At all times mentioned, Defendants designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, smartphones known as "iPhones" and/or its component parts.

37.     Defendants manufactured, designed, promoted and/or sold the Covered iPhones and its component parts to the public, including to Plaintiff and the Class Members.

38.     Defendants owed Plaintiff and the Class Members a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, distribution and servicing of the Covered iPhones, including a duty to assure that the Covered iPhones were free of defects and/or to repair any defects that are discovered.

39.     Defendants knew or should have known that the Covered iPhones were defectively designed and manufactured and was therefore prone to problems under normal operating conditions, potentially causing consumers to spend money for repairs and ultimately for replacing their devices.

40.     Defendants failed to exercise ordinary care and breached its duty by, among other things:

        a.    Failure to use due care in the manufacture, distribution, design, sale, testing, and servicing of the Covered iPhones and its component parts in order to avoid the aforementioned risks to individuals;

        b.    Failure to provide adequate warning of component failure, thereby causing significantly slow performance, dropped calls, and excessive battery drain;

        c.    Failure to incorporate within the Covered iPhones and its design reasonable safeguards and protections against component failure, thereby causing significantly slow performance, dropped calls, and excessive battery drain;

        d.    Failure to make time correction to the design of the Covered iPhones to correct the component failure, thereby causing significantly slow

1    performance, dropped calls, and excessive battery drain;

2         e.    Failure to adequately identify and mitigate the hazards associated with

3    component failure, thereby causing significantly slow performance, dropped

4    calls, and excessive battery drain;

5         f.    Such other acts of negligence as discovery shall reveal.

6    41.    As a direct and proximate result of the aforementioned negligence, carelessness, and

7    other tortious, unlawful and wrongful acts and omissions of Defendants, and its respective agents,

8    servants, employees and authorized representatives as mentioned above, Plaintiff has suffered

9    damages in an amount to be proven at trial.

10    **THIRD CAUSE OF ACTION**

11    **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

12    **(Cal. Civ. Code § 1750 *et seq.*)**

13    42.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

14    fully alleged herein.

15    43.    Apple is a "person" within the meaning of Civil Code sections 1761(d) and 1770,

16    and it provides "goods" within the meaning of Civil Code section 1761(a) and 1770.

17    44.    Plaintiff and the Class Members are "consumers" who purchased an iPhone for

18    business purposes and personal, family, or household purposes within the meaning of California

19    Civil Code section 1761(d) and 1770.  Plaintiff and the Class Member's purchase of an iPhone

20    constitutes a "transaction" within the meaning of Civil Code section 1761(e) and 1770.

21    45.    By failing to disclose and concealing the defects in the iPhones from Plaintiff and the

22    Class Members, Apple violated California Civil Code section 1770(a), as it represented that the

23    iPhones had characteristics and benefits they do not have and represented that the iPhones were of a

24    particular standard, quality, or grade when they were of another. See, Cal. Civ. Code § 1770(a)(5)

25    and (7).

26    46.    Apple has engaged in business practices that violate the CLRA including, without

27    limitation, failing to disclose or concealing that the iPhones were manufactured with certain defects.

28    Apple's unfair and deceptive acts or practices occurred repeatedly in Apple's trade or business and

1   were capable of deceiving a substantial portion of the purchasing public.

2       47.     Apple knew that the iPhones contained certain defects, yet it instead released

3   software updates that would slow down the speed and performance of iPhones without notifying its

4   consumers or obtaining their consent.

5       48.     Apple has  duty to Plaintiff and the Class Members to disclose the nature of any

6   defects along with the scope of software update it released to compensate for those defects because:

7           a.     Apple was in a superior position to know the true state of facts about any

8               defects and the software updates it created to compensate for those defects;

9           b.     Plaintiff and the Class Members could not reasonably have been expected to

10              learn or discover the true nature of any defects until they experienced the

11              defects without the software updates masking those defects;

12          c.     Apple knew that Plaintiff and the Class Members could not reasonably have

13              been expected to learn about or discover the change made by the software

14              updates.

15      49.     By failing to disclose the nature of the software updates and by limiting the speed

16  and performance of the Covered iPhones, Apple has knowingly and intentionally concealed

17  materials facts and breached its duty not to do so.

18      50.     The facts concealed or not disclosed by Apple to Plaintiff and the Class Members are

19  material because a reasonable consumer would have considered them to be important in deciding

20  whether or not to replace their Covered iPhones with a newer model.  Had Plaintiff and the Class

21  Members known that the speed and performance of the Covered iPhones were intentionally affected

22  by the software updates released by Apple, they would not have purchased a newer iPhone model

23  nor would they have upgraded to the iPhone 8 or X.

24      51.     Plaintiff and the Class Members are reasonable consumers who do not expect the

25  speed and performance of their Covered iPhones to slow down with normal use.  That is the

26  reasonable and objective consumer expectation for smartphones.

27      52.     As a result of Apple's acts and practices alleged herein, Plaintiff and the Class

28  Members suffered actual damages in that their Covered iPhones are now slower and do not perform

1  as well as it otherwise would have absent the software updates imposed by Apple limiting the speed
2  and performance of the Covered iPhones.

3       53.      Plaintiff and the Class Members are entitled to equitable relief.

4       54.      Plaintiff has provided Apple with notice of its alleged violations of the CLRA
5  pursuant to California Civil Code section 1782(a).  If, within 30 days of the date of the notification
6  letter, Apple fails to provide appropriate relief for its violation of the CLRA, Plaintiff will amend
7  this Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive
8  and equitable relief that Plaintiff seeks now.

9                        **FOURTH CAUSE OF ACTION**

10                        **UNFAIR COMPETITION**

11                  **(Bus. and Prof. Code § 17200 *et seq*.)**

12      55.      Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if
13  fully alleged herein.

14      56.      Apple knew the Covered iPhones' were defective and that it would ultimately cause
15  the Covered iPhones to slow down significantly, drop calls, cause excessive battery drain and shut
16  down unexpectedly.

17      57.      In failing to disclose the Defect, Apple knowingly and intentionally concealed
18  material facts and breached its duty not to do so.

19      58.      Apple was under a duty to Plaintiff and the Class Members to disclose the defective
20  nature of the Covered iPhones because:

21           d.     Apple was in a superior position to know the true state of facts about the
22                  Defect;

23           e.     Apple made partial disclosures about the quality of the Covered iPhones
24                  without revealing the defective nature of the Covered iPhones and the fact
25                  that the device would become defective with normal use;

26           f.     Apple actively concealed the defective nature of the Covered iPhones from
27                  Plaintiff and the Class Members;

28           g.     Apple knew that Plaintiff and the Class Members could not reasonably have

10

1    been expected to learn about or discover the Defect.

2    59.    The facts concealed or not disclosed by Apple to Plaintiff and the Class Members are

3    material because a reasonable person would have considered them to be important in deciding

4    whether or not to purchase or upgrade to the newer iPhone 8 or X.  Had Plaintiff and the Class

5    Members known that the Covered iPhones suffered from the Defect described in the Complaint,

6    they would not have purchased the Covered iPhones; and if they had already purchased a Covered

7    iPhones they would not have purchased or upgraded to the newer iPhone 8 or X.

8    60.    Apple continued to conceal the defective nature of the Covered iPhones even after

9    Class Members began to report problems.  Indeed, Apple continues to cover up and conceal the true

10   nature of the problem and deny valid warranty claims.

11   61.    By this conduct, Apple has engaged in unfair competition and unlawful, unfair, and

12   fraudulent business practices.

13   62.    Apple's unfair or deceptive acts or practices occurred repeatedly in Apple's trade or

14   business and were capable of deceiving a substantial portion of the purchasing public.

15   63.    As a direct and proximate result of Apple's unfair and deceptive practices, Plaintiff

16   and the Class Members have suffered and will continue to suffer actual damages.

17   64.    Apple has been unjustly enriched and should be required to make restitution to

18   Plaintiff and the Class Members pursuant to Bus. and Prof. Code sections 17203 and 17204.

19                           **FIFTH CAUSE OF ACTION**

20                  **BREACH OF EXPRESS WARRANTY UNDER THE**

21                     **MAGNUSON-MOSS WARRANTY ACT**

22                          **(15 U.S.C. § 2301 *et seq.*)**

23   65.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

24   fully alleged herein.

25   66.    Plaintiff and the Class Members are "consumers" within the meaning of the

26   Magnuson-Moss Warranty Act, 15 U.S.C. section 2301(3).

27   67.    Apple is a "supplier" and "warrantor" within the meaning of 15 U.S.C. sections

28   2301(4)-(5).

68.     The Covered iPhones are "consumer products" within the meaning of 15 U.S.C. section 2301(1).

69.     Apple's Warranty is a "written warranty" within the meaning of 15 U.S.C. section 2301(6).

70.     Apple breached the Warranty by:

h.      Extending a one-year limited warranty with the purchase of Covered iPhones, thereby warranting to repair or replace Covered iPhones defective in material or workmanship at no cost to the owner;

i.      Selling the Covered iPhones with defective design and/or manufacture such that the devices would shut down unexpectedly with normal use, requiring repair or replacement within the warranty period;

j.      Refusing to honor the express warranty by refusing to proper to properly repair or replace the Covered iPhones with properly functioning devices, instead pushing software updates which failed to repair the defect; and

k.      Refusing to honor the express warranty by repairing or replacing the Covered iPhones with non-defective parts.

71.     Apple's breach of the express warranty deprived Plaintiff and the Class Members of the benefits of their bargains.

72.     The amount in controversy of Plaintiff's individual claim meets or exceeds the sum or value of $50,000. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

73.     Apple has been afforded a reasonable opportunity to cure its breach of written warranty, including when Plaintiff and the Class Members notified Apple of the defect and requested a proper repair.

74.     As a direct and proximate result of Apple's breach of written warranty, Plaintiff and the Class Members sustained damages and other losses in an amount to be determined at trial. Apple's conduct damaged Plaintiff and the Class Members, who are entitled to recover damages,

1  consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission,
2  and/or other relief as appropriate.

### SIXTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

5       75.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if
6  fully alleged herein.

7       76.    Apple warranted that each Covered iPhones was free of defects when it sold the
8  devices to Plaintiff and the Class Members as described in this Complaint.  Under the terms of
9  Apple's Warranty, each Covered iPhones came with an express Warranty that warrants that the
10  device will be free from defects in materials and workmanship under normal use during the
11  warranty period.

12       77.    This Warranty because part of the basis of the bargain.  Accordingly, Apple's
13  Warranty is an express warranty.

14       78.    Apple breached the express warranty by:

15          l.    Extending a one-year limited warranty with the purchase of a Covered
16               iPhones, thereby warranting to repair or replace devices defective in material
17               or workmanship at no cost to the owner;

18          m.    Selling Covered iPhones with defective design and/or manufacture such that
19               the devices would develop battery issues with normal use, requrinig repair or
20               replacement within the warranty period;

21          n.    Refusing to honor the express warranty by repairing or replacing the Covered
22               iPhones free of charge, instead pushing out software updates that masked the
23               problem and which failed to repair the defect; and

24          o.    Refusing to honor the express warranty by repairing or replacing the Covered
25               iPhones with non-defective parts.

26       79.    Plaintiff provided Apple with timely notice of its breach of warranty.  Apple was
27  also on notice of the Defect from the complaints and service requests it received from Class
28  Members, internet message boards and support forums maintained by Apple, and from published

1  product reviews.

2      80.    As a direct and proximate result of Apple's breach of warranty, Plaintiff and each of

3  the Class Members have suffered damages and continue to suffer damages, including economic

4  damages at the point of sale, *i.e.*, the difference between the value of the Covered iPhones as

5  promised and the value of the devices as delivered.  Additionally, Plaintiff and the Class Members

6  either have incurred or will incur economic damages at the point of repair in the form of the cost of

7  repair and/or the cost of purchasing a non-defective device to replace the Covered iPhones.

8      81.    Plaintiff and the Class Members are entitled to legal and equitable relief against

9  Apple, including damages, consequential damages, specific performance, rescission, attorneys' fees,

10  costs of suit, and other relief as appropriate.

11              **SEVENTH CAUSE OF ACTION**

12       **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

13      82.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

14  fully alleged herein.

15      83.    Apple impliedly warranted to members of the general public, including Plaintiff and

16  the Class Members, that the Covered iPhones was of merchantable quality and safe for the use for

17  which it was intended by Defendants, namely, for the purpose of use as a mobile cellphone device

18  used to make calls, listening to music, accessing the internet, taking photos and videos, and for

19  other related activities.

20      84.    The Covered iPhones were not merchantable and fit for its ordinary purpose, because

21  the battery used to power it had a propensity to degrade over time thereby causing the device to shut

22  down unexpectedly.  The Covered iPhones were not of merchantable quality as warranted by

23  Defendant, in that it was defectively designed and manufactured, thereby causing it to shut down

24  and stop working.

25      85.    In order resolve the Defects, Defendants pushed a software update that slowed down

26  the speed and performance of the Covered iPhones thereby concealing the deteriorated and

27  degraded batteries.  From all outward appearances, consumers were led to believe that their

28  Covered iPhones were still operating albeit slower and with significantly less performance which

1  undoubtedly led millions of consumers to believe that their devices were obsolete and therefore they
2  should replace them with a newer iPhone model.

3         86.    Plaintiff reasonably relied on Defendants' representations that the Covered iPhones
4  were free of defects.

5         87.    As a direct and proximate result of the breach of the implied warranty of
6  merchantability, Plaintiff and the Class Members suffered damages herein and are therefore entitled
7  to damages in an amount according to proof at trial.

8                              **EIGHTH CAUSE OF ACTION**

9                    **BREACH OF IMPLIED WARRANTY OF FITNESS**

10                          **FOR A PARTICULAR PURPOSE**

11        88.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if
12  fully alleged herein.

13        89.    Apple impliedly warranted to members of the general public, including Plaintiff and
14  the Class Members, that the Covered iPhones was fit for the particular purpose for which it was
15  intended by the Defendants, namely, for the purpose of use as a mobile cellphone device used to
16  make calls, listening to music, accessing the internet, taking photos and videos, and for other related
17  activities.

18        90.    The Covered iPhones were not fit for the particular purpose for which it was
19  intended because the battery used to power it had a propensity to degrade over time thereby causing
20  the device to shut down unexpectedly.  The Covered iPhones were not fit for the particular purpose
21  for which it was intended, in that it was defectively designed and manufactured, thereby causing it
22  to shut down and stop working.

23        91.    In order resolve the Defects, Defendants pushed a software update that slowed down
24  the speed and performance of the Covered iPhones thereby concealing the deteriorated and
25  degraded batteries.  From all outward appearances, consumers were led to believe that their
26  Covered iPhones were still operating albeit slower and with significantly less performance which
27  undoubtedly led millions of consumers to believe that their devices were obsolete and therefore they
28  should replace them with a newer iPhone model.

92.     Plaintiff reasonably relied on Defendants' representations that the Covered iPhones were free of defects.

93.     As a direct and proximate result of the breach of the implied warranty of fitness for a particular purpose, Plaintiff and the Class Members suffered damages herein and are therefore entitled to damages in an amount according to proof at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAWS

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

94.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

95.     California Business and Professions Code section 17500 provides that it is unlawful for a corporation "to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

96.     Defendants' representations, including statements made in Defendants' television, radio, and print advertising, websites, brochures, and all other written an oral materials disseminated by Defendants to promote its products constitute advertising for purposes of this action.

97.     Such advertising contained statements which were false, misleading, or which omitted material information which Defendants were under a duty to disclose and which were known or should have been known to Defendants to be false, misleading, or deceptive.

98.     The misleading advertising described herein presents a continuing threat to Plaintiff and members of the public in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

99.     As a direct and proximate result of Defendants' misconduct and omissions, Plaintiff sustained the damages in an amount according to proof at trial.

## **TENTH CAUSE OF ACTION**

### **FRAUD**

100.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

101.    Defendants made material misrepresentations that were false and that were either known to be false when made or were asserted without knowledge of their truth.  Defendants has in the possession adverse incident reports, warranty work orders and other documentation about the defects in the Covered iPhones yet made the following misrepresentations:

      a.    Misrepresentations regarding the existence, occurrence and frequency of occurrences, severity and extent of the defects causing significantly slow performance, dropped calls, and excessive battery drain;

      b.    Misrepresentations as to the root cause of the defects causing significantly slow performance, dropped calls, and excessive battery drain;

      c.    Misrepresentations as to the nature, seriousness, severity of adverse incident reports regarding significantly slow performance, dropped calls, and excessive battery drain;

102.    Defendants intended that these misrepresentations be relied upon by the general consuming public, including Plaintiff and the Class Members.  Plaintiff and the Class Members did rely upon the misrepresentations that ultimately caused Plaintiff to purchase and/or upgrade to a newer iPhone 8 and/or iPhone X.

103.    Plaintiff is informed and believes and thereupon alleges that Defendants and each of them in doing the things herein alleged acted willfully, maliciously, oppressively and despicably with the full knowledge of the adverse effect of their actions on Plaintiff and the Class Members, and with willful and deliberate disregard of the consequences to Plaintiff and the Class Members. By reason thereof, Plaintiff and the Class Members are entitled to recover punitive and exemplary damages from Defendants in an amount according to proof at trial.

///

///

1

2

## ELEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

3      104.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

4  fully alleged herein.

5      105.     Plaintiff and the Class Members conferred benefits on Defendants by purchasing the

6  Covered iPhones.

7      106.     Defendants have been unjustly enriched in retaining the revenues derived from

8  Plaintiff and the Class Members' purchases of the defective devices that were improperly

9  manufactured, supplied, and/or distributed into the stream of commerce.  Retention of those monies

10  under these circumstances is unjust and inequitable because Defendants misrepresented that the

11  Covered iPhones were of a quality fit for the purpose for which they were intended.  These

12  misrepresentations caused injuries to Plaintiff and the Class Members because they would not have

13  purchased the Covered iPhones if the true facts had been known.

14      107.     Because Defendants' retention of the benefits conferred on them by Plaintiff and the

15  Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class

16  members for their unjust enrichment, as ordered by the Court.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

1

## **PRAYER FOR RELIEF**

2   WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3      (1)  An order certifying that this action may be maintained as a class action;

4      (2)  An order that Plaintiff be appointed Class Representative;

5      (3)  An order that Plaintiff's counsel be appointed Class Counsel;

6      (4)  For general and special damages, according to proof;

7      (5)  For restitution and other equitable relief;

8      (6)  For pre- and post-judgment interest, according to proof;

9      (7)  For costs of suit, including reasonable attorneys' fees, as permitted by law;

10        and

11      (8)  For such other and further relief as the Court may deem just and proper.

12

13 DATED:  December 22, 2017    SETAREH LAW GROUP

14

15

16          /s/  Shaun Setareh
          SHAUN SETAREH

17          Attorneys for Plaintiff
          MICHAEL HAKIMI

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT